LOUISE WALTERS, Appellant, v. HENRY TIELKE-MEYER *et al.*, Respondents.

| 72 | 371 |
| 100 | 539 |

St. Louis Court of Appeals, November 23, 1897.

Replevin to Recover Promissory Notes: INNOCENT PURCHASER FOR VALUE: ESTOPPEL. In replevin to recover possession of certain notes, indorsed by the payee in blank, and a deed of trust securing the same, claimed by plaintiff to have been stolen from her by a real estate agent, in whose possession she left the notes and deed for some time after she claimed that he had stolen them, with knowledge of the fact that he was proposing to make some disposition of them, and who did sell the same to defendant, who paid value therefor, before maturity, without any knowledge of plaintiff's claims, she was estopped from asserting her title as against defendant.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED; all the judges concurring, Judge BOND in the result.

*Webster & Webster* for appellant.

A thief can not acquire any title to stolen property, by means of a larceny thereof, and can not, there-

fore, confer any title on his vendees.   *Parish v. Morey*, 40 Mich. 417; *Breckenridge v. McAfee*, 54 Ind. 141; *Sharp v. Price*, 48 Ill. 513; *Arrendale v. Morgan*, 5 Sneed (Tenn.), 703; *Courtis v. Cane*, 32 Vt. 232; *Barstow v. Mining Co.*, 64 Cal. 388; Newmark on Sales, sec. 175; Cobbey's Rep., sec. 410; 2 Black. Com. 449.

In replevin for stolen property it is immaterial that the purchaser bought in good faith, for value, and without any knowledge or notice of the theft. 2 Schoul. Per. Prop., sec. 19; *Robinson v. Shipworth*, 23 Ind. 311; *Barstow v. Mining Co.*, *supra; Lee v. Boyes*, 18 Com. B. 599; *Galvin v. Bacon*, 2 Fair. 30, 31. See, also, *Breckenridge v. McAfee, supra; Sewing Machine Co. v. Warford*, 1 Sweeney, 433; *Williams v. Given*, 6 Gratt. 268.

A pre-existing debt is not such a consideration as will constitute a transferee of a note a *bona fide* holder. *Goodman v. Simmons*, 19 Mo. 106; *Deere v. Manden*, 88 *Id.* 512; *Wine Co. v. Reinhardt*, 42 Mo. App. 171.

Estoppel *in pais* to be available must be pleaded. *Wade v. Hardy*, 75 Mo. 399; *Noble v. Blount*, 77 *Id.* 235; *Ferneau v. Whitford*, 39 Mo. App. 34.

*Lubke & Muench* for respondents.

There is no room for the hypothesis that the notes in controversy were stolen by Kuhn, or that they reached his possession against the consent of plaintiff. The utmost to be said in her favor is that her consent may have been fraudulently procured.   But even had the notes been stolen by Kuhn, defendant Stocker is entitled to hold them as an innocent purchaser for value before maturity.   *Goodman v. Symonds*, 20 How. 367; *Murray v. Lardner*, 2 Wall. 121; *Hamilton v. Marks*, 63 Mo. 178; *Mayer v. Robinson*, 93 *Id.* 114.

The rule that in ordinary cases the defense of estoppel must be pleaded, is not the rule in replevin or ejectment cases, wherein, under the general issue, the defendant may avail himself of any evidence which renders the plaintiff's title void or ineffective. *Eidson v. Hedger*, 38 Mo. App. 52, and citations.

BIGGS, J.—This is an action of replevin to recover the possession of one principal note for $2,000, dated January 4, 1894, and maturing January 8, 1897; also two interest notes of $60 each of the same date and due respectively in thirty and thirty-six months; and also a deed of trust on certain real estate which had been given to secure the notes. The notes were signed by Henry Witte and were made payable to the order of Jost Juengel, and were indorsed in blank by Juengel. The suit was instituted on the second day of November, 1896, and the notes and deed of trust were taken from the custody of the defendant Stocker and delivered to the plaintiff. The defendant Tielkemeyer answered by way of a general denial. The defendant Stocker pleaded affirmatively that the notes and deed of trust were his property, and that the plaintiff had no right thereto. He prayed for a return of the property to him. There was a trial before the court without the intervention of a jury. The finding was for the defendants, and the usual judgment was entered in favor of Stocker for the return of the property or its assessed value. The plaintiff has appealed and complains of the action of the court as to the instructions.

The plaintiff asked the following instructions, which the court refused to give:

"If the court find and believe from the evidence that plaintiff, being then the owner of the notes and deed of trust mentioned in evidence, was solicited by Charles Kuhn to bring to him the said notes and deed

of trust in order that he might examine them, and that plaintiff thereupon brought them to him in a package containing other papers and documents besides the said notes and deed of trust, and handed the said package to said Kuhn and thereupon said Kuhn took said package and surreptitiously stole and abstracted said notes and deed of trust therefrom without the knowledge of plaintiff, and returned the rest of said package to plaintiff, and that plaintiff received the same without knowing that said notes and deed of trust had been abstracted therefrom, and if the court further find from the evidence that afterward said Kuhn sold and delivered said notes and deed of trust to defendants without the knowledge or consent of plaintiff, then the finding will be for plaintiff.

"Even if the court should find from the evidence that defendants, or either of them, purchased the notes and deed of trust mentioned in evidence from Charles Kuhn and paid full value therefor, nevertheless the finding will be for plaintiff, provided the court further finds from the evidence that said Kuhn, while plaintiff was the owner and holder of said notes and deed of trust, without plaintiff's knowledge or consent, stole and abstracted them from a package of papers handed to him by plaintiff in order that he might examine the same."

At the instance of the defendants, the court gave the following instructions:

"The court sitting as a jury finds that there is no evidence in this case that defendants had any knowledge or notice of a want of authority or title in Charles Kuhn to dispose of the securities in question, and the court further finds that under the undisputed evidence in this case defendant Stocker in good faith rendered full value to said Kuhn for the securities here sued for.

"The court further declares the law to be that even if the notes in question were obtained from plaintiff by Kuhn through fraud and deceit, yet if the court shall also find from the evidence that the plaintiff, after being fully aware of the fact that said Kuhn held said notes and deed of trust, and was endeavoring to make some disposition of the same in connection with the property upon which the same was a lien, consented to have the same remain in possession of said Kuhn, trusting to his honesty, and that by reason of so consenting to leave the same with said Kuhn, he was enabled to make sale of the same to defendants, and that defendant bought the same in good faith, then plaintiff is now estopped from maintaining this action against defendant Stocker.

"The court further finds that there is no evidence in this case justifying any finding against defendant Tielkemeyer."

A brief reference to the evidence is necessary. The evidence introduced by plaintiff tends to prove that in 1895, or perhaps in 1894, she purchased from Charles Kuhn, a real estate agent, the notes in question; that at the time she received them they were indorsed in blank by the payee; that in February, 1896, she received a postal card from Kuhn requesting her to call at his office, which she did on the following day; that Kuhn asked to see the deed of trust; that she immediately went to the office of the St. Louis Safe Deposit Company, where the notes and deed of trust were deposited; that the papers were in an envelope, which she carried to Kuhn's office and placed on the desk where he was sitting; that in a few moments he shoved the package toward her, remarking that it was all right; that she did not see him open the package, although she was standing or sitting near him; that

REPLEVIN for recovery of promissory notes: innocent purchaser for value: estoppel.

she took the envelope back to the place of deposit and while on the way she suspected that some of the papers had been taken out for the reason that the envelope seemed to be lighter; that before putting the package away she examined its contents and found that the notes and deed of trust were missing, but as she was not feeling well she went directly to her home instead of going back to see Kuhn about the missing papers. The plaintiff admitted that on the next day after she was at Kuhn's office, she sent her sister to see him about the notes and deed of trust. The sister testified that she was at Kuhn's office; that he admitted that he had the missing papers, and that he showed them to her, and that he made the remark that he was trying to sell the property, and that the first time the plaintiff came to the office he would either return the papers to her, or would give her the amount due on the notes. The plaintiff admitted that her sister communicated these facts to her. Plaintiff further testified that in about two weeks after her sister went to see Kuhn she visited his office and made a demand on him for the papers; that he said something about trying to sell the property to someone; that there was a hitch in the trade, and that he would return the notes and deed of trust to her the next time she came, and that she left the office with that understanding. A few weeks afterward Kuhn absconded and left many creditors in the lurch.

The evidence of the defendants tended to prove that Tielkemeyer, as the agent of Stocker, purchased the notes from Kuhn before their maturity; that he gave their face value; that the purchase was made in the usual course of business, and in good faith, that is, without notice of want of title in Kuhn. There were no facts or circumstances in evidence tending to impeach this testimony.

If a man buys the personal property of another

from one who is not authorized to so deal with it, he acquires no title. Mere possession of the chattel by the fraudulent vendee is not sufficient. There are some exceptions to this rule. If a thief steals an unmatured negotiable instrument which is payable to bearer, or is indorsed in blank, and he sells in the usual course of business for value, and the purchaser has no notice of the theft, the title passes, although the thief himself had none. The laws of trade demand this and the exception is recognized everywhere. 2 Daniel, Neg. Inst., secs. 1468b, 1469; *Murray v. Lardner*, 2 Wall. 110; *Newton v. Porter*, 69 N. Y. 133; *Covill v. Hill*, 4 Denio, 323; *Bank v. Simmons* (1892) App. Cas. *loc. cit.* 201.

Another exception is thus stated by the New York court of appeals: "Where the owner of property confers upon another an apparent title to or power of disposition over it, he is estopped from asserting his title as against an innocent third party, who has dealt with the apparent owner in reference thereto, without knowledge of the claims of the true owner." (*McNeil v. Bank*, 46 N. Y. 325.) This exception is based on the equitable principle that as between two innocent persons, he who is mostly at fault must bear the loss.

The case at bar was well decided under either one of the above mentioned exceptions. There was no dispute as to the character and condition of the notes. There was no substantial evidence that Stocker was not a purchaser of the notes in good faith and for value. This authorized a peremptory instruction for the defendants under the first exception. Again, plaintiff's own testimony tends to show that she left the notes and deed of trust in the possession of Kuhn for two or three weeks after she claimed that he had stolen them, and with knowledge of the fact that he was proposing to make some disposition of them. Under this evidence the case was brought within the principles of the sec-

ond exception and it authorized the second instruction given for the defendants.

The judgment will be affirmed. All concur. Judge BOND in the result.